# United States District Court
# for the Southern District of Georgia
# Brunswick Division

OQUESHIA ANDREWS,

    Plaintiff,

v.                                                    CV 221-004

CARMEL BIGGERS, JR., in his
individual capacity,

    Defendant.

## ORDER

Before the Court is Defendant Carmel Biggers, Jr.'s ("Defendant" or "Biggers") motion to dismiss. Dkt. No. 2. Plaintiff Oqueshia Andrews has filed no response, and the time for doing so has long passed. Accordingly, the motion is ripe for review.

## BACKGROUND

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant, a former deputy sheriff who allegedly assaulted Plaintiff while she was incarcerated in the Douglas County jail. Plaintiff alleges violations of her Fourth and Fourteenth Amendment rights, as well as state law causes of action for intrusion upon seclusion, intentional infliction of emotional distress, and battery. Plaintiff further seeks punitive damages and attorney fees.

Plaintiff initially brought this action in Muscogee County Superior Court, dkt. no. 1-2, and Defendant removed the action to the Middle District of Georgia, dkt. no. 1.  Defendant then filed a motion to dismiss the complaint.  Dkt. No. 2.  Shortly thereafter, the Middle District of Georgia court transferred the case to this Court, finding that the Southern District of Georgia would be a more appropriate forum.  Dkt. No. 5. Plaintiff filed no response to Defendant's motion to dismiss in either the Middle District or this District.

In the motion to dismiss, Defendant Biggers asserts that Plaintiff previously filed a similar lawsuit against him and Douglas County Sheriff Tim Pounds (the "sheriff") in the Northern District of Georgia. Dkt. No. 2-1 at 2; Dkt. No. 2-2 (Andrews v. Biggers, No. 1:18-cv-05963-JPB (Dec. 31, 2018 N.D. Ga.) ("Andrews I")).[1]  According to filings from Andrews I, the Northern District dismissed Biggers as a defendant without prejudice as a result of Plaintiff's failure to "effectuate service of process" upon Biggers.  Andrews I, No. 1:18-cv-05963, ECF No. 19.  The Northern District also dismissed Plaintiff's claims against the sheriff for failure to state a claim.  Id., ECF No. 16.  Plaintiff did not appeal the dismissal of Biggers, but she did appeal the dismissal of the sheriff.  Id., ECF No.

---

[1] See U.S. ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage.").

21.   Plaintiff then filed this lawsuit against Biggers only.
Dkt. No. 1-2.  Defendant Biggers now moves to dismiss this case,
contending that the statute of limitations bars all of
Plaintiff's claims.  Dkt. No. 2.

### LEGAL AUTHORITY

A complaint is subject to dismissal for failure to state a
claim if the allegations taken as true show that the plaintiff
is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215
(2007). If the allegations "show that relief is barred by the
applicable statute of limitations, the complaint is subject to
dismissal for failure to state a claim." Id. (finding that
complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6)
when an affirmative defense appears on its face).

### DISCUSSION

A federal Section 1983 claim is governed by the forum
state's statute of limitations. Burton v. City of Belle Glade,
178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488
U.S. 235, 249-50 (1989).  In Georgia, the statute of limitations
for a Section 1983 claim is the two-year statute of limitations
for personal injury actions found in O.C.G.A. § 9-3-33.
Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986);
see also O.C.G.A. § 9-3-33 (stating that "actions for injuries
to the person shall be brought within two years after the right
of action accrues").  Additionally, each of Plaintiff's state-

law claims is governed by the same limitations period.  Krise v. SEI/Aaron's, Inc., No. 1:14-CV-1209-TWT, 2017 WL 3608189, at *5 (N.D. Ga. Aug. 22, 2017) (stating that claim of intrusion upon seclusion was barred by two-year statute of limitations (citing O.C.G.A. § 9-3-33)); Clifton v. Jeff Davis Cty., No. 2:16-CV-108, 2017 WL 3033324, at *2 (S.D. Ga. July 17, 2017) (stating that claim for intentional infliction of emotional distress is subject to a two-year statute of limitations (citing O.C.G.A. § 9-3-33)); Long v. Marino, 441 S.E.2d 475, 476 (Ga. Ct. App. 1994) (applying O.C.G.A. § 9-3-33 two-year statute of limitations to a battery claim involving alleged sexual abuse).

In the complaint, Plaintiff alleges Defendant abused her from January 23, 2017 through May 22, 2017.  Dkt. No. 1-2 at 5 ¶ 8.  Notably, the complaint was filed on August 6, 2020.  Id. at 3.  It would thus appear that Plaintiff's claims are time-barred, as any lawsuit would have to have been filed by May 22, 2019—two years from May 22, 2017—to be within the two-year statute of limitations.

Though Plaintiff has filed no response to Defendant's motion to dismiss, Defendant anticipated Plaintiff's counterargument, i.e. that Georgia's renewal statute O.C.G.A. § 9-2-61 (the "Renewal Statute") saves her claims.

The Renewal Statute provides:

> When any case has been commenced in either a state or
> federal court within the applicable statute of

4

limitations and the plaintiff discontinues or
dismisses the same, it may be recommenced in a court
of this state or in a federal court either within the
original applicable period of limitations or within
six months after the discontinuance or dismissal,
whichever is later, subject to the requirement of
payment of costs in the original action as required by
subsection (d) of Code Section 9-11-41; provided,
however, if the dismissal or discontinuance occurs
after the expiration of the applicable period of
limitation, this privilege of renewal shall be
exercised only once.

O.C.G.A. § 9-2-61(a).   Importantly, however, the Renewal Statute

"does not apply to cases decided on their merits or to *void*

*cases*."   Tate v. Coastal Utilities, 545 S.E.2d 124, 126 (Ga. Ct.

App. 2001).   One means by which a case is deemed void is "if

service was never perfected, since the filing of a complaint

without perfecting service does not constitute a pending suit."

Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994); see also

Patterson v. Douglas Women's Center, 374 S.E.2d 737, 738 (Ga.

1989); Jenkins v. Keown, 830 S.E.2d 498, 500 (Ga. Ct. App.

2019).   "A suit is also void and incapable of renewal under [the

Renewal Statute] if there has been a judicial determination that

dismissal is authorized.   However, unless and until the trial

court enters an order dismissing a valid action, it is merely

voidable and not void."   Hobbs, 444 S.E.2d at 323.

Here, the Andrews I filings confirm that the Court

dismissed Biggers as a defendant due to Plaintiff's failure to

effectuate service of process upon him.   Plaintiff's failure to

properly serve Biggers thus renders Andrews I a void suit.

5

Moreover, the Court's dismissal of <u>Andrews I</u> also renders the suit void.  Because the Renewal Statute does not apply to void cases, Plaintiff cannot use it to avoid application of the two-year statute of limitations to this case.  Since Plaintiff did not file the complaint within the limitations period, the complaint is subject to dismissal for failure to state a claim for which relief can be granted. <u>Jones</u>, 549 U.S. at 215. Accordingly, Defendant's motion to dismiss is **GRANTED.**

**CONCLUSION**

Plaintiff's claims are barred by the statute of limitations.  Defendant's motion to dismiss, dkt. no 2, is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 20th day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6